Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
David C. Leimbach, Esq. (SBN: 265409)
dleimbach@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff



FILED

FEB 2 2 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angelica Del Rio<br><br>                    Plaintiff,<br><br>v.<br><br>Client Services, Inc.<br><br>                  Defendant. | **Case Number:**<br>**'10 CV 0 4 1 2 BEN    BLM**<br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,



1  to insure that those debt collectors who refrain from using abusive debt
2  collection practices are not competitively disadvantaged, and to promote
3  consistent State action to protect consumers against debt collection abuses.

4 2. The California legislature has determined that the banking and credit system
5  and grantors of credit to consumers are dependent upon the collection of just
6  and owing debts and that unfair or deceptive collection practices undermine
7  the public confidence that is essential to the continued functioning of the
8  banking and credit system and sound extensions of credit to consumers. The
9  Legislature has further determined that there is a need to ensure that debt
10  collectors exercise this responsibility with fairness, honesty and due regard
11  for the debtor's rights and that debt collectors must be prohibited from
12  engaging in unfair or deceptive acts or practices.

13 3. Angelica Del Rio, ("Plaintiff"), through Plaintiff's attorneys, brings this action
14  to challenge the actions of Client Services, Inc., ("Defendant"), with regard to
15  attempts by Defendant to unlawfully and abusively collect a debt allegedly
16  owed by Plaintiff.

17 4. Plaintiff makes these allegations on information and belief, with the exception
18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19  Plaintiff alleges on personal knowledge.

20 5. While many violations are described below with specificity, this Complaint
21  alleges violations of the statutes cited in their entirety.

22 6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant
23  were knowing and intentional, and that Defendant did not maintain
24  procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

26 7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
27  1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

28

HYDE & SWIGART
San Diego, California

8.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.   Because Defendant does business within the State of California, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11.  Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

12.  Defendant is located in the City of St. Peters, and the State of Missouri.

13.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16.  Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

HYDE & SWIGART
San Diego, California

1  credit transaction.   As such, this action arises out of a consumer debt and

2  "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

4  18.  At all times relevant to this matter, Plaintiff was an individual residing within

5  the State of California.

6  19.  At all times relevant, Defendant conducted business within the State of

7  California.

8  20.  Sometime before December 2009, Plaintiff is alleged to have incurred certain

9  financial obligations.

10  21.  These financial obligations were primarily for personal, family or household

11  purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

12  §1692a(5).

13  22.  These alleged obligations were money, property, or their equivalent, which is

14  due or owing, or alleged to be due or owing, from a natural person to another

15  person and are therefore a "debt" as that term is defined by California Civil

16  Code §1788.2(d), and a "consumer debt" as that term is defined by California

17  Civil Code §1788.2(f).

18  23.  Sometime thereafter, but before December 2009, Plaintiff allegedly fell

19  behind in the payments allegedly owed on the alleged debt.  Plaintiff currently

20  takes no position as to the validity of this alleged debt.

21  24.  Subsequently, but before December 2009, the alleged debt was assigned,

22  placed, or otherwise transferred, to Defendant for collection.

23  25.  On or about January 11, 2010, Defendant telephoned Plaintiff and demanded

24  payment of the alleged debt.  This communication was a "debt collection" as

25  Cal. Civ. Code 1788.2(b) defines that phrase.  At this time, Plaintiff informed

26  Defendant that Plaintiff was represented by counsel, and if Defendant wished

27  to speak with Plaintiff in regards to the alleged debt, Defendant was to do so

28

**HYDE & SWIGART**
San Diego, California

with Plaintiff's counsel, Hyde & Swigart ("Plaintiff's Counsel").   Plaintiff provided Plaintiff's Counsel's contact information at this time.

26. On January 11, 2010, Defendant contacted Plaintiff's Counsel, who confirmed that Hyde & Swigart represented Plaintiff, and if Defendant wished to speak with Plaintiff in regards to the alleged debt, Defendant was to do so through Hyde & Swigart.

27. On January 18, 2010, Defendant contacted Plaintiff in an attempt to collect the alleged debt, after Defendant knew Plaintiff was represented by Plaintiff's Counsel. During this call, Defendant acknowledged that Defendant had been speaking with Hyde & Swigart, but desired to communicate a settlement offer directly to Plaintiff.

28. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address.   Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

29. On January 21, 2010, Defendant contacted Plaintiff in an attempt to collect the alleged debt, and left a message on Plaintiff's answering machine, despite Defendant's knowledge that Plaintiff was represented by Plaintiff's Counsel.

30. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt

1   when Defendant knew the consumer was represented by an attorney with
2   respect to such debt and had knowledge of, or could have readily ascertained
3   such attorney's name and address.   Consequently, Defendant violated 15
4   U.S.C. § 1692c(a)(2).   Because this violated certain portions of the federal
5   Fair Debt Collection Practices Act as these portions are incorporated by
6   reference in the Rosenthal Fair Debt Collection Practices Act, through
7   California Civil Code § 1788.17, this conduct or omission violated Cal. Civ.
8   Code § 1788.17.

9   31.   On February 1, 2010, Defendant contacted Plaintiff in an attempt to collect
10        the alleged debt, despite the fact that Defendant knew Plaintiff was
11        represented by Plaintiff's Counsel.

12   32.   Without the prior consent of the consumer given directly to the Defendant or
13        the express permission of a court of competent jurisdiction, Defendant
14        communicated with the consumer in connection with the collection of a debt
15        when Defendant knew the consumer was represented by an attorney with
16        respect to such debt and had knowledge of, or could have readily ascertained
17        such attorney's name and address.   Consequently, Defendant violated 15
18        U.S.C. § 1692c(a)(2).   Because this violated certain portions of the federal
19        Fair Debt Collection Practices Act as these portions are incorporated by
20        reference in the Rosenthal Fair Debt Collection Practices Act, through
21        California Civil Code § 1788.17, this conduct or omission violated Cal. Civ.
22        Code § 1788.17.

24                                **COUNT I**
25            **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
26                        **15 U.S.C. §§ 1692 ET SEQ.**

27   33.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
28        paragraphs.

HYDE & SWIGART
San Diego, California

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

HYDE & SWIGART
San Diego, California

1    •   An award of costs of litigation and reasonable attorney's fees, pursuant
2        to 15 U.S.C. § 1692k(a)(3);
3    •   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code
4        § 1788.30(b);
5    •   An award of costs of litigation and reasonable attorney's fees, pursuant
6        to Cal. Civ. Code § 1788.30(c).
7  39.   Pursuant to the seventh amendment to the Constitution of the United States of
8        America, Plaintiff is entitled to, and demands, a trial by jury.
9

10   Date: February 16, 2010                 **HYDE & SWIGART**
11
12                                            By: _____
13                                            David C. Leimbach
                                             Attorneys for Plaintiff
14

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

FEB 2 2 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ St. Peters, DEPUTY

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Angelica Del Rio | Client Services, Inc. |

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   St. Peters
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

**'10 CV 0412 BEN      BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 441 Voting | ☐ 465 Other Immigration Actions | | |
| | ☐ 442 Employment | **PRISONER PETITIONS** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 444 Welfare | **Habeas Corpus:** | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C § 1692 et seq

Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # **10443**   AMOUNT **$350**   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 02·23·10

*ORIGINAL*



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010443
Cashier ID: mbain
Transaction Date: 02/23/2010
Payer Name: HYDE AND SWIGART
----------------------------------
CIVIL FILING FEE
 For: DEL RIO V CLIENT SERVICES
 Case/Party: D-CAS-3-10-CV-000412-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 3707
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00



 There will be a fee of $45.00
 charged for any returned check.
```